IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Justin Lamar Ferrell, | ) | |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Williams County Sheriffs Office, | ) | |
| Williston Police Department, | ) | |
| Ryan Enggerman Williston PD, | ) | |
| Sam Aide Williston PD, | ) | |
| | ) | Case No. 4:14-cv-131 |
| Defendants. | ) | |

The plaintiff, Justin Lamar Ferrell ("Ferrell"), is a pretrial detainee at the Williams County Correctional Center ("WCCC"). He initiated the above-entitled civil rights action under 42 U.S.C. § 1983 with the submission of a *pro se* complaint. This matter is now before the court for review as mandated by 28 U.S.C. §1915A.

I. **BACKGROUND**

On October 16, 2014, the court received a complaint from Ferrell setting forth claims of excessive force and deliberate indifference to his medical needs. In his complaint Ferrell asserts:

> My right elbow was busted open and needed stitches but was refused medical attention for four days until a bad infection wet in then I was taken to the ER Mercy Medical Williston. My neck and back was hurt after being thrown down states while in handcuffs behind my back. Officer Sam Aide and Officer Ryan Enggerman came got me out of my cell, cuffed me bent my wrist to touch my forearm then tumbled me down stairs jumped on me along with several more Williston PD and Sheriff Department cops tased me All this was done because someone was kicking their door after we got locked down so the shift on duty called all the street cops to jail to use unnecessary force and cruel and unusual punishment all this happened September 5 2014 Williams County Correctional Center.

* * *

I was refused medical attention by staff at Williams County Correctional Center, a bad infection set up into my elbow, neck and shoulder have been hurting me for five weeks. I just got Aleve for the pain on 10-08-14 the incident happened on Sept 5 2014 at 11:30 pm X rays were taken today 10-10-14 after complaining for several weeks Wesley Robb my brother was involved and hurt also several inmates saw incident a copy of all their names and signatures will be attached.

* * *

Officer Ryan Enggerman Williston PD used unnecessary force on September 5 2014 by coming in my cell cuffing me bending my wrist while I was compliant the whole time pressing harder at the top of the stars giving me a push that sent me toppling down stars while restrained behind my back then jumped on me at bottom of stairs pressing his thumb behind my right ear as heard as he could with his knee in my back and 4 or 5 other cops on me and one of them tased me in my back I have a swollen elbow to this day hurt neck shoulder a scar on right hip. Then I was taken down a dark hallway and slung around

* * *

I was reading my book in bed in my underwear when officer Schmit called all available officers from Williston PD and Williams County Sheriffs Department into the jail because he thought my brother Wesley Cole Rabb was kicking the door we were locked in our cell they made us get on or knees hands behind my head then came in my cell cuffed me used unnecessary force, excessive force Sam Aide, and Ryan Enggerman, threw me down the stairs tased me hurt my writ more then locked me in my cell after all the could have done is never come into my cell and just locked us down. They refused to take pictures of my wounds.

(Docket No. 2) (errors in original).

## II.    REQUIREMENT FOR INITIAL REVIEW

When a prisoner seeks to sue a governmental entity, officer, or employee, 28 U.S.C. § 1915(A) requires that the court to conduct an early screening of the complaint to weed out claims that clearly lack merit. In conducting the screening required by 28 U.S.C. § 1915A, the court is required to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. See also Jones v. Bock, 549 U.S. 199, 202-03 (2007); Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).

## III. DISCUSSION

To state a cognizable claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution or the laws of the United States by a *person* acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997).

### A. Ferrell's Claims against the Williams County Sheriffs Office, Williston Police Department, and WCCC

Ferrell asserts claims against the Williams County Sheriffs Office, Williston Police Department, and the WCCC.[1] However, it is well settled that municipal police departments, sheriff's offices, and jails are not generally considered persons within the meaning of 42 U.S.C. § 1983 and thus not amenable to suit See e.g., De La Garza v. Kandiyohi County Jail, Corr. Inst., No. 01-1966, 2001 WL 987542, at *1 (8th Cir. Aug. 30, 2001); United States v. Kama, 394 F.3d 1236, 1239-40 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983."); Dean v. Barber, 951 F.2d 121, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." (internal citations and quotations omitted)); McNeil v. Rock Hill Police Dept., No. , 2012 WL 6863917, at *2 (D.S.C. Dec. 27, 2012) (summarily dismissing a plaintiff's excessive force claim against a municipal police department on the grounds that it was not a legal entity or "person" amenable to suit under § 1983); James v. Lancaster Sheriff's Dept., No. 2013 WL 3938962, at *3 (D.S.C. July 30, 2013) (holding that a sheriff's department was not a proper party defendant in a § 1983 action); Barnes v. Cuyahoga County Jail, No. 1:09CV2671, 2010 WL 148136,

---

[1] Although Ferrell does not name WCCC as a defendant in the case caption, he does make the blanket assertion in his complaint that he was denied needed medical treatment by correctional center.

at *1 (N.D. Ohio Jan. 12, 2010) ("In order to state a claim under § 1983, the plaintiff must show that the alleged violation was committed by a person acting under color of state law. A jail is a building wherein prisoners are held and is not a person. Therefore, a jail is not a legal entity amenable to suit under 42 U.S.C. § 1983." (internal citations omitted)); Arwood v. Bradley County Jail, No. 1:07-cv-156, 2007 WL 3120866, at * 2 (E.D. Tenn. Oct. 23, 2007) ("The Jail is not a municipality, but rather, a building in the county and, as such, is not a separate legal entity which can be sued. Therefore, the Jail is not a 'person' within the meaning of § 1983."); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person'—it is not a legal entity to begin with."); McCoy v. Chesapeake Correctional Center, 788 F.Supp. 890, 894 (E.D. Va.1992) (concluding that local jails in Virginia are not considered persons under § 1983); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Consequently, Ferrell's claims of deliberate indifference Williston Police Department, the Williams County Sheriff's Office, and the Williams County Jail are subject to summary dismissal. Most likely, the proper defendants would be Williams County and the City of Williston.

### B. Ferrell's claims against Officers Enggerman and Aide

Ferrell asserts that he was subjected to excessive force by Officers Enggerman and Aide. In so doing he advised that he suing Officers Enggerman and Aide solely in their official capacities.

"An official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." Claybrook v. Birchwell, 199 F.3d 350, 355 n. 4 (6th Cir. 2000) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)); see also Monell v.

4

Department of Social Services, 436 U.S. 658, 690, n. 55 (1978) (Official-capacity suits ... "generally represent only another way of pleading an action against an entity of which an officer is an agent."). Thus, Ferrell's claims against Officers Enggerman and Aide are in essence a claim against the City of Williston, which, unlike the Williston Police Department, the Williams County Sheriff's Office, and WCCC, is considered a person for purposes of § 1983 and is therefore amenable to suit. See Hervey v. Estes, 65 F.3d 784 (9th Cir. 1995) (citing Monell v. Department of Social Servs., 436 U.S. 658, 690 (1978)).

As the City of Williston is amenable to suit under the § 1983, the undersigned must determine whether the articulated basis for Ferrell's excessive force claim is sufficient for purposes of the PLRA.[2] In so doing, the undersigned applies the same standard to Ferrell's claim under the Fourteenth Amendment as it would to a prisoner's claim under the Eighth Amendment. Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998) (explaining that claims asserted by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment).

The Eighth Amendment protects prisoners from the unnecessary and wanton infliction of pain by correctional officers, regardless of whether an inmate suffers serious injury as a result. Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006). Officers are permitted to use force reasonably in a "good-faith effort to maintain or restore discipline," but force is not to be used

---

[2]To meet the minimal pleading requirements of Rule 8(a)(2) for stating a cognizable claim, something more is required than simply expressing a desire for relief and declaring an entitlement to it. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007) ("Bell Atlantic"). The complaint must state enough to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. at 93 (quoting Bell Atlantic, 550 U.S. at 555). In addition, even though the complaint is to be liberally construed, it must also contain enough to satisfy Bell Atlantic's "plausibility standard." E.g., Ventura-Vera v. Dewitt, 417 F. App'x. 591, 592, 2011 WL 2184269, at *1 (8th Cir. 2011) (unpublished per curiam) (citing Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) for the appropriate post-Bell Atlantic standard); see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (pro se complaints must allege sufficient facts to state a claim). Complaints that offer nothing more than labels and conclusions or a formulaic recitation of the elements are not sufficient. See id. Frivolous claims are those that are clearly baseless, fanciful, fantastic, or delusional. See Denton v. Hernandez, 504 U.S. 25, 32-34 (1992

maliciously and sadistically to cause harm. Id. (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992). Factors to be considered in deciding whether a particular use of force was reasonable are whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury. Id.; see also Hudson, 503 U.S. 1, 3 (1992). This is not to say, however, that every push or shove that is later proven to be unnecessary constitutes a constitutional violation. A *de minimus* use of force that is not "repugnant to the conscience of mankind" does not constitute cruel and unusual punishment, even if malicious. Hudson, 503 U.S. at 9-10. And, while the absence of a "significant injury" is not dispositive, it does provide some indication of the amount of force that applied. Wilkins v Gaddy, 559 U.S. 34, 37-38(2010) ("The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." (internal citations and quotations omitted)).

Having reviewed the assertions made by Ferrell's in his complaint regarding the force to which he was allegedly subjected by Officers Enggerman and Aide, undersigned is not prepared to conclude for the purposes of this initial review that there is no set of facts that could be proven which would demonstrate an entitlement to relief.

IV.     **CONCLUSION AND RECOMMENDATION**

Ferrell's claims against the Williston Police Department, the Williams County Sheriff's Office, and WCC are subject to summary dismissal for failing to state a claim for which relief can

be granted.  Consequently, the undersigned **RECOMMENDS** that the court **DISMISS** Ferrell's claims against the Williston Police Department, the Williams County Sheriff's Office, and WCCC without prejudice unless permit him to proceed with his excessive force claims against Officers Enggerman and Aide in their official capacities unless Ferrell files an amended complaint within the time period set forth below for objecting to this Report and Recommendation.[3]  If Ferrell files an amended complaint, then this Report and Recommendation should be deemed moot and the amended complaint be subjected to a new § 1915A screening.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

**IT IS SO ORDERED.**

Dated this 4th day of November, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court

---

[3]Ferrell should include all of his claims in any amended complaint he files with the court as he will not be permitted to assert claims piecemeal.