**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Justin Lamar Ferrell, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Williams County Sheriffs Office, | ) | |
| Williston Police Department, | ) | |
| Ryan Enggerman Williston PD, | ) | |
| Sam Aide Williston PD, | ) | |
| | ) | Case No. 4:14-cv-131 |
| Defendants. | ) | |

  The plaintiff, Justin Lamar Ferrell ("Ferrell"), was being held at the Williams County Correctional Center at the time he initiated the above-captioned action. However, it appears he has since been moved to the North Dakota State Penitentiary.

  On December 23, 2014, Ferrell filed a document in which he requests: (1) production of documents (surveillance footage taken by security cameras at the Williams County Correctional Center) from defendants; and (2) leave to further amend his pleadings to assert new claims against new defendants.

  With respect to discovery in cases such as this, the court employs the following protocol. Once the defendants have made an appearance and filed a responsive pleading, the court will direct the parties to submit proposed scheduling and discovery plans. Upon receipt and review of these proposed plans, the court shall issue a scheduling and discovery order. See Fed. R. Civ. P. 16(b)(1). In the interim, discovery is not generally permitted. Cf. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by

1

these rules, by stipulation, or by court order.").

Here, defendants have yet to file a responsive pleading. Consequently, Ferrell's request for production of documents (Docket No. 30) is **DENIED** without prejudice on the grounds that it is premature. Ferrell can take solace in the fact that, with the submission of his request, he has given notice to defendants that he believes the requested material is relevant and needs to be preserved. The court shall now turn to Ferrell's request for leave to further amend his pleadings.

Ferrell seeks leave to file a second amended complaint to assert new claims against new defendants. He asserts that WCCC staffers Joe Schradder and Scott Enget retaliated against him for filing the above-entitled action against defendants and that other unnamed WCCC staffers opened his legal mail before forwarding it on to him at the NDSP.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). In this instance, Ferrell has already filed an amended complaint.[1] Consequently, he may further amend only with leave of the court or by written consent of the adverse party.

The court is not inclined to permit Ferrell to amend his complaint to add new claims against new defendants arising out of alleged conduct occurred after this action was filed. First, allowing prisoners to add additional claims against new parties that bear no substantial relationship to the pending proceeding frustrates the intent of Congress with respect to the enactment of the "three strikes" provision of the Prison Litigation Reform Act of 1995 ("PLRA") codified at 28 U.S.C. §

---

[1] Ferrell filed an amended complaint with the court on November 12, 2014. See Docket No. 13.

1915(g).[2] Second, allowing joinder of marginally related claims circumvents the PLRA's filing fee requirements codified at 28 U.S.C. § 1915(b). See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Bryan v. Gallager, No. 1:11-cv-00446, 2012 WL 370316, at *1-2 (E.D. Cal. Feb. 3, 2012).

In George v. Smith, the Seventh Circuit had this to say about allowing prisoners to join marginally related claims:

> The district court did not question George's decision to join 24 defendants, and approximately 50 distinct claims, in a single suit. It should have done so. The controlling principle appears in Fed.R.Civ.P. 18(a): "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). George was trying not only to save money but also to dodge that rule. He hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no "strikes" at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits. The district judge likewise assumed that a single non-frivolous claim in a blunderbuss complaint makes the suit as a whole non-frivolous.
>
> * * * *
>
> This means that the second sentence of Rule 20(a)-"All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action"-is as applicable as the first

---

[2] In passing the "three strikes" provision, Congress intended to limit the ability of individual prisoners being able to file repeated meritless actions by imposing a cap on the number of such actions with the consequence that, once the cap has been reached, the ability of a prisoner to file new actions is greatly circumscribed. Royal v. Kautzky, 375 F.3d 720, 730-731 (8th Cir. 2004). Obviously, allowing prisoners to "load up" law suits with marginally related claims limits the effectiveness of the "three strikes" provision. See George v. Smith, 507 F.3d at 607.

3

> sentence. A buckshot complaint that would be rejected if filed by a free person-say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions-should be rejected if filed by a prisoner. George did not make any effort to show that the 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is "common to all defendants."

507 F.3d at 607.

Ferrell's assertion that other WCCC staffers retaliated against him for filing this action does not make that claim related to the underlying claims proceeding against the named defendants. Since Ferrell is attempting to add additional defendants and claims that may not proceed in this action, amendment would be futile. Ferrell's request for leave to further amend his pleadings (Docket No. 31) is therefore **DENIED**. If Ferrell believes he has legitimate claims with respect to the proposed amendments, his recourse is to file a separate action.

**IT IS SO ORDERED.**

Dated this 30th day of December, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court

4