## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Justin Lamar Ferrell, | ) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Sam Aid, Williston, PD, et. al, | ) Case No. 4:14-cv-131 |
| Defendants. | ) |

Before the court is plaintiff's motion to compel discovery, amend the scheduling order, and to issue subpoenas. For the reasons set forth below, the motion is denied.

## I.     BACKGROUND

Plaintiff was a pretrial detainee at the Williams County Correctional Center ("WCCC") when he initiated the above-entitled action in October 2014 against the Williams County Sheriff's office, the Williams County Correctional Center ("WCCC"), the Williston Police Department, and two Williston police officers, Sam Aid and Ryan Engerman, in their official capacity.[1] The undersigned screened plaintiff's complaint as mandated by 28 U.S.C. § 1915A and on November 4, 2014, issued a report recommending that the court dismiss plaintiff's claims against the Williams County Sheriff's office, the WCCC, and the Williston Police Department but permit plaintiff to proceed with his claims against Aid and Engermann.

On November 12, 2014, plaintiff filed an amended complaint in which he abandoned his

---

[1] The record reflects that in November 2014, plaintiff contacted the Clerk's office to advise that he had been moved from the WCCC to the North Dakota State Penitentiary ("NDSP"). On June 23, 2015, plaintiff advised the Clerk's office that had moved from the NDSP to the Bismarck Transition Center ("BTC"). (Docket No. 58). On September 4, 2015, plaintiff advised that he again moved, this time from the BTC to an apartment in Mandan, North Dakota. (Docket No. 66).

1

claims against the Williams County Sheriff's office, the Williams County Police Department, and the WCCC, reiterated his claim against Officers Aid and Engerman, and asserted a new claim against a new defendant, Sergeant Royce Crone. The undersigned screened plaintiff's amended complaint and, concluding that plaintiff had satisfied the requirements of § 1915A and asserted cognizable claims, directed the Clerk's office to serve Aid, Engerman, and Crone.

On December 23, 2014, defendant filed a motion to compel discovery along with a motion to amend his pleadings to assert new claims arising out of conduct that had allegedly occurred after this action was filed. The undersigned denied the motion to compel discovery without prejudice, explaining that the motion was premature given that defendants had yet to file a responsive pleading. The undersigned also denied plaintiff's motion to amend his pleadings.

On January 13, 2015, plaintiff filed a motion requesting leave to amend his pleadings to assert claims against four new defendants–Sgt. Novak, Lt. Stenberg, Cpl. Schmitt, and Sgt. Nickaloff. The court granted plaintiff's motion and authorized plaintiff to file a second amended complaint with the understanding that it would be subject to an initial screening upon filing.

On February 4, 2015, plaintiff filed a second amended complaint in which he: (1) reasserted his claims against Aid, Engerman, and Crone; (2) asserted new claims against Novak Schmitt, Stenberg, Brooks, and Nickaloff; and (3) clarified in what capacity he was suing each defendant. Concluding that plaintiff had satisfied the requirements of § 1915A, the undersigned directed the Clerk's office to serve all of the defendants with summonses and copies of the second amended complaint.

On June 30, 2015, defendants filed an answer to plaintiff's second amended complaint. On September 10, 2015, the court issued a scheduling order which provided in relevant part that the

parties were to complete fact discovery and file discovery motions by April 11, 2016. (Docket No. 61).

On April 14, 2016, plaintiff filed what the court construes as a motion to compel discovery, issue subpoenas duces tecum, and amend the scheduling order. Therein he requests:

> I ask that the statements made by either party, be availible to disposle. All medical records, all surveillance for dates of September 4th 5th 6 giveh, also 10-13 10-14/2014. I ask the court also could I have additional time to carry these tasks. Any piece of evidence the defendants wish to use I would like copies of Also I ask the court to supeona the video surveillance from WCC. Also all investigations done by Det McNanmy WCSD and Mr. Dale Maxiner Att. Generals office. At this time my address is not a stable address as I am waiting extradition to the State of Texas for an old warrant allowing me to have and additional 60 days to file discovery. And to gather evidence. I thank the court for this time and consideration.

(Docket No. ) (errors in original).

On April 28, 2016, defendants filed a response in opposition to plaintiff's motion. First, they assert that plaintiff has failed to demonstrate good cause to extend the discovery deadline, stressing that, aside from filing the premature discovery request with the court in December 2014, plaintiff has to date made no discernable effort to obtain discovery and has not adequately explained to the court why he has been so slow to action. Next, operating under the premise that discovery constraints imposed by a scheduling order apply with equal force to subpoenas, they assert that plaintiff's lack of diligence precludes him from now subpoenaing records from the WCCC, which is no longer a party to this action. Finally, the issue of good cause aside, they assert that plaintiff's motion insofar it seeks to compel discovery should be denied because plaintiff made no effort to serve any discovery requests upon them.

3

## II. DISCUSSION

### A. Extension of Discovery Deadline

The court is not inclined to extend the discovery deadline. First, plaintiff's request for extension of the discovery deadline is untimely. Second, plaintiff has not established good cause to warrant an extension of the discovery deadline. Fed. R. Civ. P. 16b(b)(4). In his motion, plaintiff advises that he is presently incarcerated and awaiting extradition to Texas. However, he does not indicate when he was incarcerated or why it has prevented him from seeking discovery until now.[2] Finally, while the court appreciates that plaintiff is proceeding *pro se*, that does not excuse him from following the court's rules and meeting applicable court-imposed deadlines. See, e.g., Winston v Kelly, 586 Fed.Appx. 683 (8th Cir. 2014) (unpublished per curiam) (any party proceeding pro se is expected to be familiar with and follow procedural rules); United States v. Green, 691 F.3d 960, 965–66 (8th Cir. 2012) (holding that "the right of self-representation is not 'a license not to comply with relevant rules of procedural and substantive law' ") (quoting Faretta v. Cal, 422 U.S. 806, 834 n.46 (1975)).

### B. Request for Subpoena Duces Tecum

The subpoena that plaintiff requests is directed to a party in this case in that the suit against a number of county (WCCC) employees sued in their official capacities is a suit against Williams County, and the correct procedure to obtain documents from a party is a request for production of documents and things pursuant to Fed. R. Civ. P. 34. See, e.g., Wang v. Nebraska Public Power Dist., No. 4:13-cv-3161, 2014 WL 5431334, at *2 (D. Neb. Oct. 24, 2014). In any event, the court's

---

[2] As noted previously, plaintiff notified the court on several occasions that his address had changed. These notices evince that he was not in custody during the entire pendency of this action. Thus, the assertion that his custodial status somehow prevented him from engaging in any discovery is specious.

time limits upon discovery apply both to discovery sought through Rule 34 and Rule 45. See id. Here, what plaintiff seeks is material that generally must be procured during the time set forth in the court's progression order for discovery. Consequently, plaintiff's request is untimely for the reasons stated above because it comes after the expiration of the deadline for completion of discovery.

**III.    CONCLUSION**

Based on the foregoing, plaintiff's motion (Docket No. 69) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 12th day of May, 2016.

>    */s/ Charles S. Miller, Jr.*
>    Charles S. Miller, Jr., Magistrate Judge
>    United States District Court